UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE RENEA KINDRED,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C15-5164 BHS

ORDER REVERSING AND REMANDING

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 25 at alleged onset date

ORDER - 1

Principal Disabilities Alleged by Plaintiff: Obesity, degenerative disc disease, thoracic neuritis, sarcoidosis, generalized anxiety disorder, depressive disorder, migraine headaches, chronic pain, and postcholecystectomy syndrome.

Disability Allegedly Began: July 1, 2011

Principal Previous Work Experience: Clerk, check cashier, and cashier II.

Education Level Achieved by Plaintiff: At least high school.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Scott R. Morris:

    Date of Hearing: April 3, 2013, hearing transcript AR 32–77

    Date of Decision: June 26, 2013

    Appears in Record at: AR 8–31

    Summary of Decision:

    The claimant meets the insured status requirements of the Social Security Act through December 31, 2014. The claimant has not engaged in substantial gainful activity since the alleged onset date. She has severe impairments of obesity, degenerative disc disease, thoracic neuritis, sarcoidosis, generalized anxiety disorder, and depressive disorder. The claimant's impairments, even in combination, do not qualify under the Listings.

    The claimant has the residual functional capacity to perform sedentary work. She can occasionally climb ladders, ropes, scaffolds, ramps or stairs. She can frequently balance, kneel and crouch. She should not be exposed to noise that is greater than "moderate." She should avoid concentrated exposure to vibration. She should avoid moderate exposure to industrial strength fumes, odors, dusts, gases, or other pulmonary irritants, as well as hazards. She should not perform jobs that have manufacturing style production rate or pace work. She can have occasional changes in the work setting. She can have occasional interaction with coworkers. She can have superficial interaction with the public when done in-person. She can have frequent interaction with the public by electronic means such as a computer or telephone. She would need to stand hourly to stretch briefly when sitting. She can frequently finger bilaterally.

> The claimant cannot perform any past relevant work.  The vocational expert testified the claimant would be able to perform the following jobs: bench hand; charge-account clerk; and touch-up screener, printed circuit board assembly.  Based on the vocational expert's testimony, the claimant can perform substantial work that exists in the national economy.  A finding of "not disabled" is therefore appropriate.

Before Appeals Council:

    Date of Decision: January 27, 2015

    Appears in Record at: AR 1–4

    Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Claimant   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the

evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Nicole Kindred ("Kindred"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUES ON APPEAL

1. Did the ALJ err in determining claimant's severe impairments?

2. Did the ALJ err in concluding that claimant's impairments do not meet or equal a listing?

3. Did the ALJ err in assessing claimant's credibility?

4. Did the ALJ err in assessing medical evidence?

5. Did the ALJ err in determining claimant's residual functional capacity?

6. Did the ALJ err in the vocational hypothetical?

7. Did the ALJ err in assessing claimant's pain?

# VII. DISCUSSION

Kindred appeals the Commissioner's decision denying her disability benefits, arguing the ALJ committed several errors requiring reversal. Dkt. 16.

## A.    Severe Impairments

Mendenhall objects to the ALJ's findings at step two of the sequential evaluation. *Id.* at 5–7. The ALJ found Mendenhall had six severe impairments at step two. AR 13. The ALJ, however, did not include Kindred's migraines, chronic pain, and postcholecystectomy syndrome as severe impairments. *See id.*

At step two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* The claimant has the burden of showing (1) she had a medically determinable impairment, and (2) her medically determinable impairment was severe.

1  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  "An impairment or combination of
2  impairments can be found 'not severe' only if the evidence establishes a slight
3  abnormality that has 'no more than a minimal effect on an individual[']s ability to
4  work.'"  *Smolen*, 80 F.3d at 1290 (citing SSR 85-28).

5        After reviewing the record, the Court finds the ALJ failed to properly consider all
6  of Kindred's potentially severe impairments at step two.  Specifically, the ALJ did not
7  discuss whether Kindred's migraines, chronic pain, and postcholecystectomy syndrome
8  constitute severe impairments, despite significant and probative evidence in the record.

9        With regard to migraine headaches, Kindred was diagnosed and treated for
10  migraines during the relevant period.  AR 300, 775–76, 1013, 1050, 1052–53, 1075,
11  1156–57, 1160.  For example, Kindred's medical records indicate her migraines lasted
12  for one day and were accompanied by nausea, vomiting, photophobia, and phonophobia.
13  AR 1052.  Her records also note her "head pains are at a 6–7 out of 10 pain and can get to
14  be a 10 out of 10 pain" and had injections at a medical clinic.  AR 1157.  Kindred further
15  testified that her migraine headaches occur once a week.  AR 61–62.  According to
16  Kindred, her migraines last for "sometimes a day" and medications do not help.  AR 62.
17  Kindred will "[p]ut pillows over [her] head and just lay on the couch."  *Id.*  About once a
18  month, Kindred's migraines are "really bad" and she has to go to a medical clinic to
19  receive injections.  *Id.*  The ALJ did not address this evidence at step two.  *See* AR 13.

20        Kindred was also diagnosed and treated for chronic pain throughout the record.
21  AR 657, 737, 744, 818, 829, 838, 966, 994, 1017, 1075.  Kindred's medical records note
22  she "has a significant medical history of chronic pain syndrome."  AR 829.  Her pain

disorder was diagnosed as involving "psychological factors and a general medical condition." AR 657. Kindred's treating doctor, Dr. Kim, stated: "Kindred has suffered from chronic disabling pain which has caused psychological, social, and physical impairment. She has tried unsuccessfully to have this pain relieved using conservative treatment for pain management." AR 994. The ALJ's step two analysis makes no mention of chronic pain.

The record also reflects diagnosis and treatment for postcholecystectomy syndrome. AR 972, 974, 979–81, 994, 1026, 1172. The Commissioner argues the ALJ accounted for Kindred's postcholecystectomy syndrome at step two because the ALJ found Kindred's thoracic neuritis was a severe impairment, and thoracic neuritis accounts for the same cluster of symptoms. Dkt. 17 at 4. The Court can evaluate an agency's decision only on the grounds articulated by the agency. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991). In this case, the ALJ did not articulate that he was accounting for Kindred's postcholecystectomy syndrome in his thoracic neuritis finding. *See* AR 13. Indeed, the ALJ's analysis at step two does not include any discussion of Kindred's postcholecystectomy syndrome. *See id.* The Court therefore declines to accept the Commissioner's post hac explanation on this issue.

In sum, the ALJ failed to address all of Kindred's impairments at step two despite significant and probative evidence in the record. The ALJ is not permitted to ignore significant and probative evidence without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995). Because the ALJ did not address whether Kindred's migraines,

1  chronic pain, and postcholecystectomy syndrome were severe impairments, the Court

2  finds the ALJ erred at step two.

3        Having determined the ALJ erred at step two, the Court next must consider

4  whether the error was harmless.  The Court "may not reverse an ALJ's decision on

5  account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.

6  2012).  An error is harmless "where it is inconsequential to the ultimate nondisability

7  determination." *Id.* at 1115 (internal quotation marks omitted).  The claimant normally

8  bears the burden of showing an error is harmful. *Id.* at 1111 (citing *Shinseki v. Sanders*,

9  556 U.S. 396, 409 (2009)).

10        As noted above, the ALJ resolved step two in Kindred's favor by finding she had

11  six severe impairments.  AR 13.  If the ALJ determines a severe impairment exists at step

12  two, all medically determinable impairments must be considered in the remaining steps

13  of the sequential evaluation.  *Smolen*, 80 F.3d at 1290.  When the ALJ accounts for

14  limitations posed by an impairment later in the sequential evaluation, any error in failing

15  to include the impairment at step two is harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911

16  (9th Cir. 2007).

17        The ALJ's decision indicates he considered Kindred's chronic pain and

18  postcholecystectomy syndrome during his residual functional capacity analysis. *See* AR

19  16–19 (referencing Kindred's "chronic pain" and "postcholecystectomy syndrome").

20  However, there is nothing in the ALJ's decision indicating he considered the impact of

21  Kindred's migraines at later steps in the sequential evaluation.  Because the ALJ's

22

decision is devoid of any discussion regarding Kindred's migraines, the Court cannot find the ALJ's error was harmless. *See Lewis*, 498 F.3d at 911.

**B.    Remand**

Having determined the ALJ committed harmful error at step two, the Court concludes this matter should be remanded for further consideration. Remand for reconsideration of the ALJ's findings at step two will require the ALJ to reconsider the matter in its entirety.

### VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Kindred disability benefits is **REVERSED** and the matter is **REMANDED** for further administrative proceedings consistent with this order.

Dated this 30th day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge